IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MONSANTO COMPANY**,

    **Plaintiff,**

vs.                                  Case No. 2:04-CV-282
                                        Judge Marbley
                                        Magistrate Judge King

**WILLIAM POTTS,** *et al.***,**

    **Defendants.**

**REPORT and RECOMMENDATION**

    This is a patent infringement action in which Plaintiff alleges that Defendant Potts replanted and sold Plaintiff's patented herbicide-resistant seeds, contrary to the technology agreement allegedly entered into by Defendant Potts. This matter is before the Court on the motion of Plaintiff, Doc. No. 85, to strike certain affirmative defenses asserted by Defendant Potts. There has been no response to the motion.

**I.**     **Background**

    Plaintiff, Monsanto Company [hereinafter "Plaintiff"], is the owner of a patent, United States Patent Number 5,352,605, that genetically improves crop seeds to make them herbicide resistant. *Complaint,* at ¶¶ 7, 9. Plaintiff markets these genetically improved seeds as Roundup Ready® soybean seed. *Id.,* at ¶ 7. Plaintiff licenses the use of Roundup Ready® to farmers at the retail marketing level. *Id.,* at ¶10. Purchasers of the Roundup Ready® seeds are required to sign a

"Monsanto Technology Agreement" [hereinafter "Technology Agreement"], which requires the purchaser to acknowledge Plaintiff's patents on the seeds and to agree not to harvest and replant the seeds from this product. *Id.,* at ¶ 13. Under the Technology Agreement, purchasers are authorized to use the seed only for planting a commercial crop in a single growing season. *Id*.

Plaintiff alleges that in 1999, William R. Potts [hereinafter "Defendant Potts"] purchased Roundup Ready® seeds from Plaintiff and executed a Technology Agreement. *Id.,* at ¶¶ 2, 3, 12. Defendant Potts is the President of B&B Custom Applications, Inc. [hereinafter "Defendant B&B"], a company that sells agricultural chemicals and herbicide / pesticide application services.

On July 25, 2003, Plaintiff filed an action against Defendant Potts and Defendant B&B in the United States District Court for the Eastern District of Missouri, alleging that Defendants violated the terms of the Technology Agreement by replanting and selling Plaintiff's patented herbicide-resistant seeds. *Id.,* at ¶ 14, 15. Plaintiff asserted claims of patent infringement, conversion, unjust enrichment, breach of contract and breach of a personal guaranty. *Id.,* at ¶¶ 17-73.

On November 19, 2003, Defendants filed a motion to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, for transfer of the case to the Southern District of Ohio [hereinafter "Defendants' Motion to Dismiss / Transfer"]. Doc. No. 17. On January 28, 2004, Defendant B&B filed a voluntary Chapter 11 bankruptcy petition, and the claims asserted against it were ordered stayed. *Order* (April 2, 2004), Doc. No. 40. On April 2, 2004, the claims against Defendant Potts were severed and transferred to this Court. *Order*, Doc. No. 39.

On December 20, 2004, Defendant Potts filed an amended answer which includes counterclaims against Plaintiff for defamation and tortious interference, and third-party claims

against third-party defendants Chris Jeffries and Seed Consultants, Inc., for breach of contract, inducement to breach patent and defamation.  Doc. No. 82.

II.   **Motion to Strike**

  A.   **Standard**

Rule 12(f) of the Federal Rules of Civil Procedure authorizes the striking from a pleading "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).  Striking a pleading is an extreme measure, however, and motions to strike are disfavored and only infrequently granted. *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953); *Dunbar & Sullivan Dredging Co. v. John R. Jurgensen*, 44 F.R.D. 467, 472 (S.D. Ohio 1967).  "The Sixth Circuit has held that 'because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts.'" *United States Securities and Exchange Commission v. Thorn,* 2002 WL 31412440 (S.D. Ohio 2002) (quoting *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953)).  "[S]uch a motion should only be granted 'when the pleading to be stricken has no possible relation to the controversy.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953)).

With respect to affirmative defenses, a motion to strike is proper only if the defense is legally insufficient.  *Id.*  In other words, a defense should be stricken only if, as a matter of law, the defense cannot succeed under any circumstances.  *Id.*  Furthermore, a motion to strike is proper if it aids in eliminating spurious issues before trial, thereby streamlining the litigation.  *Id.*

### B. Application

Plaintiff contends that the following affirmative defenses asserted by Defendant Potts should be stricken as legally insufficient: (1) assumption of risk; (2) contributory negligence; (3) discharge in bankruptcy; and (4) failure of service / failure of service of process.

#### 1. Assumption of Risk

In his amended complaint, Defendant Potts asserts the following defense: "Monsanto Company assumed the risk of nonpayment by voluntarily and negligently extending high lines of credit without sufficient investigation into the financial stability of its licensees." *Amended Answer,* at ¶ 29. While Defendant Potts does not specify the particular claim to which this affirmative defense is intended to relate, it appears that Defendant Potts' assumption of the risk defense relates to Plaintiff's breach of contract claim. *See Complaint,* at ¶¶ 50-52. "It is well settled that assumption of the risk is not a defense in a contract action." *W.G. Lockhart Co., Inc. v. City of Alliance*, 2000 WL 156205, *4 (Ohio Ct. App. 2000). *See also Chase Bank of Ohio v. Nealco Leasing, Inc.,* 636 N.E.2d 388, 397 (Ohio Ct. App. 1993) (citing *Becker v. BancOhio Nat. Bank,* 478 N.E.2d 776 (Ohio 1985)). Because assumption of the risk is not a recognized defense to a breach of contract claim, this defense must fail as a matter of law.

#### 2. Contributory Negligence

With regard to the allegation of patent infringement, Defendant Potts asserts the affirmative defense of contributory negligence. *Amended Answer,* at ¶ 30 ("Monsanto Company, and/or its employees or agents, contributed to the allegations of wrongdoing against Defendant Potts by informing, assuring, and/or condoning Defendant Potts' actions as those allegations relate to patent infringement and as such, are contributorily negligent..."). Patent infringement is a strict liability

offense. *Jurgens v. CBK, Ltd.,* 80 F.3d 1566 n.2 (Fed. Cir. 1996); 18 Am. Jur. 2d, "Copyright and Literary Property" § 106; 14 A.L.R. Fed. 825, § 2 ("lack of intent to infringe or of knowledge of infringement does not relieve a 'direct' infringer of his liability for copyright infringement"). Comparative fault principles generally do not apply to strict liability actions under Ohio law. *See Fee v. Brass Eagle, Inc.,* 2002 WL 1465762 (N.D. Ohio 2002) (products liability action based on strict liability in tort); *Bowling v. Heil Co.,* 511 N.E.2d 373 (Ohio 1987); *Baily v. V & O Press Co., Inc.,* 770 F.2d 601 (6th Cir. 1985) (applying Ohio products liability law). For this reason, contributory negligence is not a legally sufficient defense to a patent infringement claim.

### 3. Discharge in Bankruptcy

Defendant Potts also asserts that "[t]he monetary penalties sought in the Complaint are subject to discharge in bankruptcy..." *Amended Answer,* at ¶ 33. Pursuant to Chapter 7 of the Bankruptcy Code, a debtor is generally granted discharge from debts that arose prior to the filing of the debtor's bankruptcy petition. 11 U.S.C. § 727. Defendant Potts, however, does not allege that he has filed a petition in bankruptcy. The mere assertion of a theoretical proposition of law is an insufficient defense and should be stricken.

### 4. Failure of Service / Failure of Service of Process

In his *Amended Answer*, Defendant Potts also raises the defense of failure of service and failure of service of process. *Amended Answer,* at ¶ 36 ("There has been a failure of service, failure of service of process..."). Presumably, Defendant Potts intended to raise defenses of *insufficiency* of process and of service of process, rather than the defense of failure of service and of service of process. These defenses, however, must be raised in the first responsive pleading. Fed. R. Civ. P. 12(b) and 12(h). Rule 12(h) states:

> A defense of...insufficiency of process, or insufficiency of service of process is waived...if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Fed. R. Civ. P. 12(h).  Defendant Potts first raised the defenses of insufficiency of process and of service of process in his *Amended Answer*, which was filed pursuant to leave granted by this Court after Plaintiff had replied to the counterclaims asserted in Defendants' original *Answer*.  *Order* (December 9, 2004), Doc. No. 81.  Consequently, these defenses are untimely.  Under Rule 12(h), Defendant Potts waived these defenses by not including them in his first responsive pleading.  For this reason, these defenses should be stricken.

It is **RECOMMENDED** that Plaintiff's motion to strike, Doc. No. 85, be **GRANTED.**

If any party seeks reconsideration of this **REPORT and RECOMMENDATION**, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this **REPORT and RECOMMENDATION**, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  Responses and objections must be filed within ten (10) days after being served with a copy hereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the **REPORT and RECOMMENDATION** will result in a waiver of the right to initial *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the **REPORT and RECOMMENDATION**.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *Harris v. City of Akron,* 20 F.3d

1396 (6th Cir. 1994); *Smith v. Detroit Federation of Teachers, Local 231, American Federation of Teachers, AFL-CIO,* 829 F.2d 1370 (6th Cir. 1987).


June 23, 2005                              *s/Norah McCann King*
                                            Norah McCann King
                                        United States Magistrate Judge