IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO COMPANY, | : | |
| Plaintiff, | : | Civil Action No.: 2:04-cv-282 |
| vs. | : | (Judge Marbley) |
| | : | (Magistrate Judge King) |
| WILLIAM R. POTTS, et al. | : | |
| Defendants. | : | |
| In Re: WILLIAM R. POTTS, | : | Case No.: 2:06-cv-235 |
| | : | (Judge Marbley) |
| Debtor. | : | (Magistrate Judge King) |

## FINAL CONSENT INJUNCTION AND JUDGMENT

### I. Parties & Definitions

A.  Plaintiff is Monsanto Company ("Monsanto"). Monsanto is a company organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri. Monsanto is authorized to do and is doing business in Missouri and in this judicial district.

B.  Defendant William R. Potts ("Defendant Potts") is a resident and domiciliary of Pickaway County in the State of Ohio.

C.  "Person" means any natural individual or any entity, and, without limiting the generality of the foregoing, includes natural persons, associations, joint ventures, limited partnerships, partnerships, corporations, companies, trusts, and public agencies.

### II. Stipulated Findings

A.  Defendant Potts filed a Chapter 7 proceeding on October 12, 2005.

B.  Monsanto filed its Adversary Complaint on February 6, 2006.

C.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1334, 28 U.S.C. § 157(a), 28 U.S.C. § 157(b)(1), (b)(2)(A) and (b)(2)(I), 11 U.S.C. § 105(a) and 523(a)(6) and Bankruptcy Rule 7001(6) and (7).

D.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

SLC-3287686-1

Exhibit A

E.  This case presents both "core" claims under 28 U.S.C. § 157(b)(2)(A) and (I) with respect to the determination as to the dischargeability of a particular debt, and non-core claims under 11 U.S.C. § 157(c) with respect to a determination as to the infringement of Monsanto's patents.

F.  On September 24, 2007, this Court entered its order withdrawing the reference of the adversary complaint to the Bankruptcy Court.

F.  Monsanto is in the business of developing, manufacturing, licensing and selling agricultural biotechnology, agricultural chemicals and other agricultural products. After the investment of substantial time, expense and expertise, Monsanto developed a new plant biotechnology that involves the transfer into crop seed of a gene that causes such seed to be resistant to glyphosate-based herbicides such as the Roundup® family of branded herbicides.

G.  This biotechnology has been utilized in several agricultural crops, including soybeans, to render them resistant to applications of glyphosate, a herbicide. This genetically modified crop seed is marketed by Monsanto and other licensed seed companies as "Roundup Ready®" crop seed. Roundup® and Roundup Ready® are registered trademarks of Monsanto Technology, LLC.

H.  Monsanto's Roundup Ready® biotechnology is protected under patents issued by the United States Patent Office, specifically including U. S. Patent Number 5,352,605 (the "'605 patent"). Prior to the events giving rise to this litigation, the '605 Patent was issued to and/or Monsanto was the exclusive licensee from the owner and was authorized to enforce the rights relating thereto.

I.  The claims of the '605 patent are drawn to, among other things, a gene, which is expressed in plant cells. The claims of the '605 patent also cover plants and seeds that contain this gene as well as methods of creating and using such plants and seeds.

J.  Monsanto placed the required statutory notice that its Roundup Ready® biotechnology was patented on the labeling of all bags containing Roundup Ready® soybean seed. In particular, each bag of Roundup Ready® soybean seed is marked with notice of the '605 patent. Defendant acknowledges the validity of the '605 patent.

K.  Under the terms of Monsanto's licensing system through which its patented Roundup Ready® biotechnology is authorized, a purchaser is only authorized to use the seed for planting a commercial crop in a single growing season, and is prohibited from saving any of the crop produced from the purchased seed for planting or selling saved seed from the crop produced from the purchased seed, or otherwise supplying or transferring any seed produced from the purchased seed to anyone for planting.

L.  During at least 2002, Defendant Potts sold "saved," bin-run Roundup Ready® soybeans, that is, soybean seed which was produced from the Roundup Ready® soybean seed which was planted in crop year 2001. Defendant Potts acknowledges that because of the

aforementioned acts and a lack of a license from Monsanto authorizing the same, he wilfully infringed Monsanto's patent rights, including the '605 patent.

### III. Permanent Injunction

A. It is hereby ordered, adjudged and decreed that Defendant Potts, or any officer, agent, servant, employee, attorney, and each person in active concert or participation with [handwritten: Financial] Defendant Potts, including any farm operation in which Defendant Potts has any [handwritten: interest] interest or participation, who receives actual notice of this Judgment by personal service or otherwise, are permanently enjoined from: [handwritten: – not including any farmers or [redacted] companys that wish to hire me/us for labor.]

   1. Possessing, making, using, or planting any crop seed containing Monsanto's patented biotechnology covered by any patent, including patent number 5,352,605 such as but not limited to Monsanto's Roundup Ready® and/or Roundup Ready 2 Yield™ technology;

   2. Offering to sell, selling, or transferring any of Monsanto's patented technology covered by any patent, including patent number 5,352,605, or any product containing such technology, to any person for planting, replanting, seed production, crop breeding, research, reverse engineering, generation of herbicide registration data, analysis of genetic composition, or any purpose other than sale as a commodity; and

   3. Infringing Monsanto's patents including, but not limited to, U.S. Patent No. 5,352,605.

B. It is hereby also further ordered, adjudged and decreed that Defendant Potts shall deliver a copy of Section III of this Final Consent Injunction and Judgment, and advise of such terms, to:

   1. any person or entity involved in agriculture who employs, retains, or otherwise utilizes Defendant Potts.

### IV. Other Provisions

A. The provisions of this Final Consent Judgment are declared continuing and non-dischargeable.

B. Having read and understood the terms and conditions of this Final Consent Injunction Judgment, the parties agree that this Final Consent Injunction Judgment constitutes a fair and adequate resolution of all issues and claims involved in this action between Monsanto and Defendant Potts. The parties have by the signatures herein below recommended this Court enter and issue this Final Consent Injunction and Judgment.

C. Jurisdiction is retained for the purpose of enabling any party to this Final Consent Injunction and Judgment to apply to the Court at any time for the enforcement of the provisions herein and/or for the punishment of a violation of the Final Consent Injunction Judgment.

D.  The failure, or alleged failure, to seek remedies as the result of violation of the Final Consent Injunction and Judgment shall not constitute a waiver of any other violation.

E.  If any provision or provisions of this Final Consent Injunction and Judgment is or are declared invalid by a court of competent jurisdiction, the remainder of this Final Consent Injunction and Judgment shall remain in full force and effect and shall not be affected by such declaration. If any provision or provisions of this Final Consent Injunction and Judgment is or are declared invalid as being overbroad by a court of competent jurisdiction, the court should modify the provision or provisions so that they are as broad as possible without being so broad as to be invalid.

F.  Defendant Potts understands and agrees that he will be responsible and obligated to Monsanto for payment of reasonable costs and attorneys' fees resulting from any violation of this Final Consent Injunction and Judgment and Monsanto's actions to enforce same and/or pursue any rights evolving therefrom.

G.  The parties acknowledge that they have read this Final Consent Injunction Judgment and that they have either discussed its terms and conditions with an attorney of their choice or consciously elected not to have an attorney review the same. The parties further declare and represent that in executing this Final Consent Injunction and Judgment, they have relied wholly upon their own judgment, belief and knowledge of the nature, extent, and effect of this Final Consent Injunction Judgment.

H.  By his signature below, Defendant Potts waives the right to trial and/or appeal of this matter and agrees to, and acknowledges the terms of, this Final Consent Injunction and Judgment and waives any requirement of the personal service of this Final Consent Injunction and Judgment.

SO ORDERED: _____
ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

Dated this 8 day of July, 2009.

Respectfully submitted,

HUSCH BLACKWELL SANDERS, LLP

By: /s/ Matthew R. Grant
Matthew R. Grant, *admitted pro hac vice*
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500 Telephone
314-480-1505 Facsimile

AND

Lawrence D. Walker
Taft, Stettinius & Hollister, LLP
21 East State Street, 12th Floor
Columbus, Ohio 43215

ATTORNEYS FOR MONSANTO COMPANY

WILLIAM R. POTTS

William R. Potts
P.O. Box 117
Mt. Sterling, OH 43143
(614) 558-4238
(740) 869-6298 Facsimile

*PRO SE* DEFENDANT

### CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was sent via email and U. S. mail, postage prepaid, this 12th day of May, 2009:

William Potts
P.O. Box 117
Mt. Sterling, OH 43143

bpotts2@columbus.rr.com

/s/ Matthew R. Grant